## Rivera *v.* Registrador de la Propiedad.

### Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan.

No. 2.—Resuelto en Enero 30, 1900.

Usufructo. Defecto subsanable.—Para inscribir el usufructo, como cualquier otro derecho real, es indispensable que conste inscrito previamente el dominio del inmueble, y en el título que se haya de inscribir debe hacerse constar á favor de que persona se encuentra inscrito dicho dominio, así como tambien el título por virtud del cual se hubiere adquirido el derecho que se trata de inscribir; la falta de estos requisitos constituye un defecto subsanable.

Id.—Constituye tambien un defecto subsanable la falta de descripción de las fincas con la debida separación á fin de que en el Registro consten identificadas con toda la claridad y precisión que requiere la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado del recurrente : *Sr. López Landrón.*

El Juez Presidente Sr. Quiñones emitió la siguiente opinión,

Visto este recurso gubernativo interpuesto por el Lcdo. Don Rafael López Landrón á voz y nombre de Don José Dolores Rivera Claudio, en representación de su legítima esposa Doña María Justa García y Lizarraga, contra la negativa del Registrador de la Propiedad de esta Capital á inscribir un expediente judicial de dominio aprobado por el Tribunal del Distrito de San Juan por auto de 21 de Septiembre último.

*Resultando :* de los hechos que se consignan en el expresado auto aprobatorio, que Don José D. Rivera Claudio, en representación de su legítima esposa Doña Justa García y Lizarraga, presentó escrito manifestando que Doña Dolores Lizarraga de Campanón dispuso en su testamentaría, á favor de los hijos de Juan Lazús García y de la consorte del recurrente, cincuenta cuerdas de terreno en el barrio de Sabana-Llana, jurisdicción de Río Piedras; que dicho terreno, que es de segunda clase, equivalente á diez y nueve hectáreas, sesenta y cinco áreas y diez y nueve centiáreas, próxima-

RIVERA *v.* REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of San Juan.

No. 2.—Decided January 30th, 1900.

The facts are set out in the opinion.

*Mr. López Landrón,* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the following
opinión:

The hearing was had in the appeal taken by Rafael López
Landrón Esq., in the name of José Dolores Rivera Claudio,
representing his legitimate wife, María Justa García y Liza-
rraga, from the refusal of the Registrar of Property of this
City to record a judicial proceeding for dominion title,
approved by the District Court of San Juan by order dated
21st of September last.

The facts set out in the aforesaid order of approval, show
that José Dolores Rivera Claudio, representing his legitimate
wife, Justa García Lizarraga, filed a writing setting up that
Mrs. Dolores Lizarraga de Campanón devised in her will
made in favor of the children of Juan Lazús García, and
likewise in favor of appellant's wife, fifty *cuerdas* of land
situated in the ward of Sabana Llana, within the municipal
jurisdiction of Río Piedras; that the said land, which is of
the second class, equivalent to nineteen hectares, seventy-
five ares and nineteen centares, aproximately, twenty-five

mente. lo había venido poseyendo su esposa por compra á Ignacio y Romualdo García, hijos de Juan Lazús, veinte y cinco de las referidas cuerdas, y las otras veinte y cinco cuerdas en usufructo, mientras viviera, debiendo pasar luego á sus legítimos hijos Cármen, Atilano, Providencia, Aurora, Simón y Rosendo Rivera y García, habidos en su matrimonio con el solicitante; que las expresadas cuerdas de terreno forman un solo cuerpo, casi todo llano, con una parte quebrada, dedicado á frutos menores y pastos naturales; que estaban libres de toda carga ó gravámen, teniendo un valor aproximado, en venta, de ochocientos pesos moneda corriente provincial, y colindaban por el Norte con terrenos de Don Pedro Cervera y Don José Dolores López, por el Sud y Oeste con terrenos de Don Frutos Caloca, hoy su Sucesión; por el Este con el citado Don Pedro Cervera, Don Pablo Figueroa, y Don Celestino Trida; que el predio descrito contenía en su recinto tres casas de construcción rústica y añadía que como su dicha esposa llevaba más de veinte años de posesión y carecía de título escrito eficiente, deseaba inscribir las cincuenta cuerdas de terreno, veinte y cinco á título de dominio pleno y las otras veinte y cinco á título de usufructuaria; ofreciendo información testifical para justificar dichos extremos.

*Resultando :* que admitida la información y corridos los trámites del expediente, dictó el Tribunal del Distrito el auto de 21 de Septiembre último, aprobando la información practicada y declarando que pertenecían en pleno dominio y en usufructo á Doña María Justa García y Lizarraga, esposa de Don José Dolores Rivera Claudio, los bienes de que se trataba y habían sido descritos, y disponiendo se inscribieran á su favor en el Registro de la Propiedad, librándose para ello el oportuno testimonio al interesado.

*Resultando :* que librado dicho testimonio y presentado para su inscripción en el Registro de la Propiedad se negó el Registrador á inscribirlo, porque expresándose que Doña Justa García y Lizarraga tenía el usufructo de veinte y cinco

*cuerdas* of which had been in possession of his wife by virtue of a purchase thereof from Ignacio and Romualdo García, children of Juan Lazús, and the other twenty-five *cuerdas* had been held in usufruct for life, and on her death to pass into the hands of her legitimate children Carmen, Atilano, Providencia, Aurora, Simón and Rosendo Rivera y García, born in wedlock with the applicant; that the said number of *cuerdas* form a single parcel of land, nearly all level, a part being somewhat broken, and used for the cultivation of minor products and natural pasture lands; that the said land was free from all incumbrances, being valued at approximately eight hundred *pesos,* provincial money, and being bounded on the north by lands belonging to Don Pedro Cervera and Don José Dolores López; on the south and west by lands belonging to Don Frutos Caloca, now his heirs; on the east by lands of the said Don Pedro Cervera, Don Pablo Figueroa and Don Celestino Trida; that there were situated on the tract of land above described three rustic houses, and it was added that as his said wife had been in possession of the land for more than twenty years, and had no efficient written title thereto, it was desired to record the fifty *cuerdas* of land, twenty-five under title of ownership and twenty-five under title of usufructuary; offering the testimony of witnesses to prove the said facts.

The testimony of witnesses having been heard, and the proceeding having been duly prosecuted, the District Court made an order on the 21st of September last approving the proceedings and declaring that the lands in question, and which had been described, belonged by virtue of ownership and usufruct, to Doña María Justa García y Lizarraga, wife of Don José Dolores Rivera Claudio, and providing that the same be recorded in her favor in the Registry of Property, and that a proper certificate thereof be issued to the interested party.

The said certificate having been issued and presented for admission to record in the Registry of Property, the Re-

cuerdas de terreno, de las cincuenta de que se componía la finca, no se acreditaba la adquisición, ni se declaraba el dominio de aquéllas á favor de sus hijos Cármen, Atilano, Providencia, Aurora, Simón y Rosendo Rivera y García, no expresándose el modo en que hubiese adquirido el usufructo la señora García; y por no describirse separadamente dichas veinte y cinco cuerdas y las otras de igual cabida en que tenía el pleno dominio y que no siendo subsanables dichos defectos no era admisible tampoco la anotación preventiva.

*Resultando :* que contra esta negativa del Registrador ha interpuesto el Abogado Don Rafael López Landrón, á nombre de Don José Dolores Rivera Claudio, en representación éste de su esposa Doña María Justa García y Lizarraga, el presente recurso gubernativo ante esta Presidencia y que conferida vista al propio Registrador y al Tribunal del Distrito de San Juan, ambos la han evacuado en los términos que se expresan en sus respectivos informes.

*Considerando :* que para inscribir el usufructo, como cualquier otro derecho real sobre bienes inmuebles, es indispensable que conste inscrito previamente el dominio ; y que no constando del auto aprobatorio de la información propuesta por Don José Dolores Rivera Claudio, á nombre de su esposa Doña María Justa García, á quien pertenecen en propiedad las veinte y cinco cuerdas de terreno sobre que se dice que tiene aquélla el usufructo, ni el título en virtud del cual lo hubiesen adquirido, no es posible inscribir el usufructo de dichas veinte y cinco cuerdas de terreno á favor de la Doña Justa García, como lo pretende la parte promovente.

*Considerando :* que si bien en el auto aprobatorio de referencia se describen las cincuenta cuerdas de terreno de las que dice el recurrente que pertenecen veinte y cinco en propiedad á su esposa y las otras veinte y cinco en usufructo, no se describen estas dos porciones separadamente como, es de necesidad, para que en el Registro consten identificadas cada una de ellas con toda la claridad y precisión que requiere el artículo 9º de la Ley Hipotecaria.

gistrar refused to record the same because, it being stated that Doña Justa García y Lizarraga was the usufructuary of twenty-five *cuerdas* of the fifty composing the tract, the acquisition thereof was not shown, nor was the ownership declared to be in the children Carmen, Atilano, Providencia, Aurora, Simón and Rosendo Rivera y García, the manner in which Mrs. García might have acquired the usufruct not being stated; and because the said twenty-five *cuerdas* and the other parcel containing the same acreage of which she had the full ownership, were not separately described; and that the said defects not being capable of correction, a cautionary notice could not be entered.

From this refusal of the Registrar the attorney Don Rafael López Landrón has taken an appeal to the Chief Justice of this Court in the name of Don José Dolores Rivera Claudio, the latter representing his wife Doña María Justa García Lizarraga, and a hearing having been accorded the said Registrar and the District Court of San Juan, they have both concluded the same in the manner set out in their respective reports.

In order to record a usufruct, as any other right to real estate, an indispensable requisite is that the ownership thereof shall have been previously recorded; and it not appearing from the order approving the proceedings prosecuted by Don José Dolores Rivera Claudio in the name of his wife, Mrs. María Justa García, to whom the twenty-five *cuerdas* of land belong, of which it is said she is the usufructuary, nor the title by virtue of which the same may have been acquired, it is impossible to record the usufruct of the said twenty-five *cuerdas* of land in favor of Doña Justa García, as sought by the applicant.

Although in the approbatory order herein referred to, the fifty *cuerdas* of land are described, of which the appellant states twenty-five are held by virtue of the ownership thereof vested in his wife, and the other twenty-five in usufruct, these two parcels are not described separately, as is necessary in order that each one of them may be identified

*Considerando:* que atendida la naturaleza de las faltas que impiden la inscripción del auto aprobatorio del expediente de dominio de que se .trata, no deben calificarse insubsanables, toda vez que los defectos de que adolece el expresado título pueden perfectamente subsanarse por el Tribunal sentenciador, á solicitud de la parte interesada.

*Vistos* los artículos 9, 20 y 65 de la Ley Hipotecaria y las resoluciones de la Dirección General de los Registros de 22 de Julio de 1874, 18 de Agosto de 1887, 18 de Junio de 1888 y 26 de Junio de 1894.

*Se confirma* la negativa del Registrador de la Propiedad de esta Capital á inscribir el auto aprobatorio de la información de dominio promovida por Don José Dolores Rivera Claudio, á nombre de su esposa Doña Justa García y Lizarraga, tomándose, empero, anotación preventiva de suspensión, si la solicitare la parte promovente. Comuníquese esta resolución al Tribunal del Distrito de San Juan, para la notificación de los interesados, y transcurridos que sean ocho días hábiles, á partir desde el de la notificación, remita las diligencias con los escritos que en su caso presenten las partes interesadas.